David E. KAPLAN, et al., Plaintiffs,

v.

S.A.C. CAPITAL ADVISORS,
L.P, et al., Defendants.

Birmingham Retirement and Relief
System, et al., Plaintiffs,

v.

S.A.C. Capital Advisors, L.P,
et al., Defendants.

12–cv–9350 (VM)
13–cv–2459 (VM)

United States District Court,
S.D. New York.

Signed November 25, 2015

Filed November 31, 2015

Deborah Clark–Weintraub, Scottscott LLP, Ethan David Wohl, Krista Thomas Rosen, Sara Jean Wigmore, Wohl & Fructher LLP, Emma Gilmore, Marc Ian Gross, Tamar Aliza Weinrib, Pomerantz LLP, New York, NY, Francesco P. Trapani, Peter J. Kreher, Kreher & Trapani LLP, Philadelphia, PA, for Plaintiffs.

Audra Jan Soloway, Daniel Jonathan Kramer, Michael E. Gertzman, Jonathan Hillel Hurwitz, Paul, Weiss, Rifkind, Wharton & Garrison LLP, Martin B. Klotz, Michael Steven Schachter, Sameer Nitanand Advani, Willkie Farr & Gallagher LLP, Jonathan Lee Hochman, Matthew Alan Katz, Schindler Cohen & Hochman, New York, NY, for Defendants.

## DECISION AND ORDER

VICTOR MARRERO, United States District Judge.

By letter dated November 19, 2015, Defendants S.A.C. Capital Advisors, L.P. ("SAC LP"), S.A.C. Capital Advisors, Inc., CR Intrinsic Investors, LLC ("CR Intrinsic"), CR Intrinsic Investments, LLC, S.A.C. Capital Advisors, LLC ("SAC LLC"), S.A.C. Capital Associates, LLC, S.A.C. International Equities, LLC, S.A.C. Select Fund, LLC, and Steven Cohen ("Cohen") (collectively, "SAC") request leave to file a supplemental opposition brief and supporting papers addressing additional issues and arguments concerning the pending motion for class certification made by Lead Plaintiffs David E. Kaplan,

and others, individually and on behalf of a putative class of investors in Elan Corporation securities ("Elan Investor Class," collectively "Kaplan Plaintiffs"). (Dkt. No. 240.)

SAC argues that fact discovery had not yet been completed as of the August 28, 2015 filing of their opposition to class certification. It argues that now that fact discovery is closed and the record is fully developed, the facts establish that the start date for the Elan Seller Class, as defined in the Kaplan Plaintiffs' original motion for class certification on June 29, 2015 (Dkt. No. 191) begins three months too early. SAC also argues that it should be permitted the opportunity to address three arguments that the Kaplan Plaintiffs advance in their reply brief (Dkt. No. 240), specifically, that the Kaplan Plaintiffs have "for the first time": (1) identified their proposed damages methodology, (2) submitted an expert report explaining how they propose to calculate the damages cap, and (3) argued that *Simon DeBartolo Group, L.P. v. Richard E. Jacobs Group, Inc.*, 186 F.3d 157 (2d Cir.1999) supports their argument that the *Affiliated Ute* presumption of reliance applies to insider trading cases even where defendants did not have a duty to disclose. *Id.*

By letter dated November 23, 2015, the Kaplan Plaintiffs filed a response opposing SAC's request to file a supplemental opposition brief and supporting papers. (Dkt. No. 239.) SAC filed a reply letter dated November 25, 2015 in support of its request to file a supplemental opposition brief and related papers. (Dkt. No. 241.)

The Court has reviewed the parties' correspondence regarding the issues raised by SAC's request. For the reasons discussed below, the Court is not persuaded that a supplemental opposition brief is warranted.

First, SAC's proposed supplemental brief seeks to have the Court address the start date of the Elan Seller Class period. The Court considers the start date for the Elan Seller Class period as a merits issue not properly resolvable at the class certification stage, but, insofar as it implicates a disputed question of fact, a matter that more appropriately should be left for trial. *See Teamsters Local 445 Freight Div. Pension Fund v. Bombardier Inc.*, 546 F.3d 196, 204 (2d Cir.2008) (internal citations omitted) ("[D]istrict courts retain ample discretion to limit discovery and the extent of the hearing on Rule 23 issues in order to assure that a class certification motion does not become a pretext for a partial trial of the merits."); *see also In re Smart Techs., Inc. S'holder Litig.*, 295 F.R.D. 50, 61–62 (S.D.N.Y.2013) (internal citations omitted) ("[T]he issue of tracing is a merits issue, not appropriate for consideration at the class certification stage."); *In re Amaranth Nat. Gas Commodities Litig.*, 269 F.R.D. 366, 384 (S.D.N.Y.2010) ("At the class certification stage, district courts are only permitted to resolve merits-based factual disputes that overlap with certification-based factual disputes."); *Murphy v. LaJaunie*, No. 13–CV–6503 RJS, 2015 WL 4528140, at *3 (S.D.N.Y. July 24, 2015) (internal citations omitted) ("Although the Rule 23 analysis may overlap with merits issues, a district judge should not assess any aspect of the merits unrelated to a Rule 23 requirement. The only question at the class certification stage is whether plaintiffs may pursue those claims on behalf of a class of similarly situated persons, or whether they must do so as individuals.").

Second, SAC seeks leave to file a supplemental opposition brief to address three arguments SAC contends were advanced in the Kaplan Plaintiffs' reply brief for the first time. Contrary to SAC's assertions, however, none of the arguments noted by

SAC were advanced initially in the Kaplan Plaintiffs' reply brief. First, the Kaplan Plaintiffs identified their proposed damages methodology in their opposition to SAC's motion to dismiss filed on June 9, 2014. (Dkt. No. 138 at 9, n.3.) Second, the Kaplan Plaintiffs' attachment of an expert report to their reply motion further explaining how the Kaplan Plaintiffs propose to calculate the damages cap does not present a new issue warranting a supplemental brief. Third, the Kaplan Plaintiffs cited *Simon DeBartolo Group, L.P. v. Richard E. Jacobs Group, Inc.*, 186 F.3d 157 (2d Cir.1999) in their opening brief filed on June 29, 2015. (Dkt. No. 192 at 15). Moreover, SAC has already addressed the applicability of the *Affiliated Ute* presumption at length in their opposition to class certification motion papers. (Dkt. No. 217 at 4–10.)

Therefore, in the interests of judicial economy and to minimize duplicative motion practice as much as possible in what is already a sprawl of litigation generated by this case, the Court is not persuaded that a supplemental opposition brief is appropriate at this time.

Accordingly, it is hereby

**ORDERED** that SAC's request for leave to file a supplemental opposition brief and supporting papers in support of their motion to deny class certification (Dkt. No. 240) is **DENIED.**

**SO ORDERED.**